UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TYRONE NOEL NUNN, | Case No.: 3:23-cv-00461-CSD |
| Plaintiff | **Order** |
| v. | |
| DISTRICT OF NEVADA, | |
| Defendant | |

Plaintiff is an inmate in the custody of the Nevada Department of Corrections, and he has initiated this action with an ex parte motion for the appointment of counsel and "declaration of S.S.I."

Preliminarily, a civil action is commenced by filing a complaint with the court. It appears that Plaintiff is seeking backpay Social Security disability benefits; however, he has not submitted a complaint against the Acting Commissioner of Social Security. Plaintiff will be given 30 days from the date of this Order to file a complaint.

Furthermore, the Local Rules of Practice for the District of Nevada provide: "Any person who is unable to prepay the fees in a civil case may apply to the court for authority to proceed *in forma pauperis* (IFP). The application must be made on the form provided by the court and must include a financial affidavit disclosing the applicant's income, assets, and liabilities." LSR 1-1. When a prisoner seeks to proceed without prepaying the filing fee, in addition to filing the affidavit, the prisoner is required to submit a certified copy of the trust fund account statement (or institutional equivalent) for the six-month period immediately preceding the filing of the complaint. The statement must be obtained from the appropriate official at the prison or detention facility where the prisoner is or was confined. 28 U.S.C. § 1915(a)(2).

When a prisoner brings a civil action IFP, the prisoner is still required to pay the full amount of the filing fee. The court is required to assess, and when funds exist, collect an initial partial payment of 20 percent of the greater of: (A) the average monthly deposits in the prisoner's account or (B) the average monthly balance in the prisoner's account for the six-month period immediately preceding the filing of the complaint. Thereafter, whenever the prisoner's account exceeds $10, the prisoner must make monthly payments of 20 percent of the preceding month's income credited to the prisoners account until the filing fees are paid. The funds are to be forwarded by the agency having custody of the prisoner. 28 U.S.C. § 1915(b)(1), (2).

The regular filing fee is $402, consisting of the $350 filing fee and a $52 administrative fee. If an inmate does not qualify for IFP status, he must pay the full $402 filing fee. If the inmate qualifies for IFP status, the $52 administrative fee is waived, and the inmate will only pay the $350 filing fee over time. The filing fee must be paid, either outright or over time if granted IFP status, even if the complaint ends up being dismissed.

Plaintiff must either file a completed IFP application for an inmate or pay the $402 filing fee.

## CONCLUSION

Plaintiff has **30 days** from the date of this Order to file a complaint. A failure to timely do so will result in dismissal of this action without prejudice.

In addition, the Clerk shall **SEND** Plaintiff a copy of the instructions and application to proceed IFP for an inmate. Plaintiff has **30 days** from the date of this Order to either file his completed IFP application or pay the full $402 filing fee. The application must be accompanied by all of the required documents, including:

      (a) the completed **application to proceed IFP for an inmate** on the court's approved form (i.e., pages 1-3 with the inmate's two signatures on page 3);

      (b) a **financial certificate** properly signed by both the inmate and a prison or jail official (i.e., page 4 of the court's approved form); and

      (c) a copy of the inmate's prison or jail **trust fund account statement for the previous six month period**.

Once Plaintiff has filed his completed IFP application and financial certificate or paid the filing fee, and filed a complaint, the court will screen the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) or 28 U.S.C. § 1915A, or both. Both require dismissal of a complaint, or any portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. If the complaint is dismissed on screening, there will be no refund of the filing fee, and an inmate proceeding IFP is still required to pay the $350 filing fee over time.

If Plaintiff fails to timely file a completed IFP application and financial certificate or pay the filing fee, and file a complaint, this action will be dismissed without prejudice.

**IT IS SO ORDERED**.

Dated: September 21, 2023

                                                     Craig S. Denney
                                                     United States Magistrate Judge